# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHELLE DUBREY, <br> Plaintiff, <br> v. <br> SEPTA, et al., <br> Defendants. | CIVIL ACTION NO. 11-4679 |

## MEMORANDUM OPINION AND ORDER

Rufe, J.                                                                                           July 23, 2013

Before the Court is Plaintiff's Amended Motion for Leave to File a Second Amended Complaint.[1] Defendant has opposed the motion, arguing that the proposed amendment fails to state a claim upon which relief could be granted, and therefore the motion should be denied as futile.

## I.    FACTUAL ALLEGATIONS[2]

Plaintiff is an employee of Defendant Southeastern Pennsylvania Transportation Authority (SEPTA). From 1994 until 2000, she worked as a bus operator. Since May 8, 2000, she has been a Trial Preparation Specialist in SEPTA's Legal Department. A Trial Preparation Specialist investigates reported accidents and supervises the Department's process server and docket clerk. As a Trial Preparation Specialist, Plaintiff's direct supervisor was Witness Unit Manager Tony Sheridan, who in turn reported to Deputy General Counsel Eileen Katz.

In 2001, Plaintiff complained to Katz that she felt Sheridan was harassing her, and that the harassment was racially motivated. In response, Katz assigned another employee, Pete Dizzenko, to be Witness Unit Manager, and had Plaintiff report to him. However, Sheridan was

---
[1] Doc. No. 36.
[2] The facts set forth herein are taken from the proposed Second Amended Complaint, and the allegations are accepted as true for the purpose of resolving this motion.

not disciplined and his harassment of Plaintiff continued.[3] In 2002, Plaintiff again complained to Katz, stating that "Mr. Sheridan was talking to her in a derogatory and condescending manner and she felt it was racially motivated."[4] In 2003, allegedly in retaliation for her complaints, Katz reassigned Plaintiff to work as a receptionist, an assignment below her pay grade, and reassigned her duties as a Trial Preparation Specialist to the process server, who was unqualified to do the job. Plaintiff does not allege that she received a cut in pay or a change in her job title. However, Plaintiff continued to be assigned receptionist duties until 2006. Plaintiff also alleges that requests for leave time were denied during this period, and that General Counsel Nicholas Staffeiri was aware of the retaliatory actions, yelled at Plaintiff inappropriately, and engaged in differential treatment of employees based on race.[5]

On January 18, 2011, at Katz's request, Plaintiff presented a requisition to SEPTA's claims department, and indicated that Katz wanted them to rush the requisition. A claims department employee wrote "RUSH" on the request, but the check was not prepared that day. The next day, Katz yelled "why no check?" at Plaintiff, and the Director of the claims department, Francis Cornely, yelled at Plaintiff saying he was not cutting the check. Later that day she overheard Cornely saying that Plaintiff had not indicated that the requisition was urgent, that she was difficult, and that she was trying to make the claims department look bad. When Plaintiff confronted him, he yelled: "you should have opened your mouth [about the rush]; I'm sick of your incompetency."[6] Plaintiff alleges that Cornely does not yell at Caucasians in the office.

---

[3] The Plaintiff's factual allegations do not include any examples of harassing behavior.
[4] Proposed Second Am. Compl. ¶ 15.
[5] Plaintiff's factual allegations are again devoid of examples.
[6] Proposed Second Am. Compl. ¶ 29.

2

Neither Staffeiri, who witnessed this exchange, nor Katz, who was told about it by Plaintiff, took any action against Cornely. Plaintiff filed a complaint with SEPTA's Equal Employment Opportunity department. The EEO instructed Cornely to apologize to Plaintiff, but he refused and was overheard to say: "I will not apologize to the little black girl."[7] No additional action was taken by SEPTA. In March 2011, Plaintiff filed an Equal Employment Opportunity Commission complaint.

In April 2011, Katz overlooked Plaintiff for a promotion when Sheridan retired as Supervisor of Trial Preparation, despite Plaintiff's seniority. Instead, the promotion was given to the employee who had performed Plaintiff's duties while she was acting as receptionist. Plaintiff attributes this to a letter Sheridan wrote to Katz, which "revealed Defendants' retaliatory motives for the actions taken against Plaintiff. . . ."[8] Plaintiff provided a copy of this letter to the EEO Specialist, but SEPTA took no remedial action.

On July 20, 2011, Plaintiff filed the present federal lawsuit against SEPTA and several of its employees, alleging race-based discrimination and retaliation.

In September 2011, James Jordan, who had previously supervised Cornely as SEPTA's Assistant General Manager, was appointed SEPTA's General Counsel and the head of the Legal Department. On February 23, 2013, after Plaintiff and Cornely had been deposed regarding the present action,[9] Jordan sent an email to Cornely, Plaintiff, Plaintiff's direct supervisor, and other members of the Legal Department to schedule a staff meeting. According to Jordan's email, the purpose of the meeting was to discuss "whether we, as a Legal Department and as a group within that Department, can move forward rather than remain obsessed with the past, whether we can

---

[7] Proposed Second Am. Comp. ¶31.
[8] Proposed Second Am. Comp. ¶33. Other than this characterization, Plaintiff provides no information about the content of the letter.
[9] Plaintiff alleges that Jordan was aware that Plaintiff had testified regarding her claims that Cornely and Katz had discriminated and retaliated against her.

3

act as professionals and understand that we can play a valuable—but not irreplaceable—role in moving SEPTA forward, and how pettiness can be minimized if not eliminated."[10] Cornely was invited to this meeting although he does not work in SEPTA's Legal Department.

The meeting was held on March 1, 2013. The meeting focused on Plaintiff's pending lawsuit. "Jordan started by saying he was unhappy with Plaintiff's deposition testimony"[11] and specifically challenged Plaintiff's view that Cornely acted in a discriminatory manner towards her based on her race. Jordan stated that, in his view, Cornely is not prejudiced and is a fine man. Plaintiff alleges generally that Jordan made derogatory, harassing, and intimidating statements to Plaintiff at the meeting, and as an example states that Jordan called her a liar with regard to her deposition testimony. He also asked Plaintiff questions about her pending claims, although her attorney was not present, told her that he had instructed Cornely not to apologize to her, and asked her "what made Plaintiff think [Cornely] was racist."[12] Cornely allegedly grinned at Plaintiff throughout the meeting. Plaintiff did not speak and was in tears during the meeting. In part because Plaintiff's colleagues were present, she felt humiliated and intimidated by Jordan's and Cornely's conduct during this meeting.

II. STANDARD OF REVIEW

A motion for leave to amend should be denied where the amendment would be futile, in that the proposed amendment fails to state a claim upon which relief would be granted.[13] The Court applies the same standard of legal sufficiency used to resolve a motion for dismiss for failure to state a claim under Fed. R. Civ. Pro. 12(b)(6).[14]

---

[10] Proposed Second Am. Compl., Ex. A.
[11] Proposed Second Am. Compl., ¶62.
[12] Proposed Second Am. Compl., ¶63.
[13] In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).
[14] Id.

4

Pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate where a plaintiff's "plain statement" lacks enough substance to show that he is entitled to relief.[15] In determining whether a motion to dismiss should be granted, the court must consider only those facts alleged in the complaint, accepting the allegations as true and drawing all logical inferences in favor of the non-moving party.[16] Courts are not, however, bound to accept as true legal conclusions couched as factual allegations.[17] Something more than a mere *possibility* of a claim must be alleged; rather plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."[18] The complaint must set forth "direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory."[19] The court has no duty to "conjure up unpleaded facts that might turn a frivolous . . . action into a substantial one."[20] Legal questions that depend upon a developed factual record are not properly the subject of a motion to dismiss.[21]

III. DISCUSSION

Plaintiff's proposed Second Amended Complaint repeats the factual allegations and Counts One, Two and Three from the first Amended Complaint, and adds new factual allegations and legal claims in Counts Four and Five.

---

[15] Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).
[16] ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994); Fay v. Muhlenberg Coll., No. 07-4516, 2008 WL 205227, at *2 (E.D. Pa. Jan. 24, 2008).
[17] Twombly, 550 U.S. at 555, 564.
[18] Id. at 570.
[19] Id. at 562 (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)) (internal quotation marks omitted).
[20] Id. (quoting McGregor v. Indus. Excess Landfill, Inc., 856 F.2d 39, 42-43 (6th Cir. 1988)).
[21] See, e.g., TriState HVAC Equip., LLP v. Big Belly Solar, Inc., 836 F. Supp. 2d 274 (E.D. Pa. 2011).

Plaintiff acknowledges that, by order dated July 2, 2012, the judge previously assigned to this case dismissed Count One and Count Two in their entirety, and Count Three claims as to defendants Eileen Katz and Francis Cornely in their individual and official capacities, but allowed Count Three's claims to proceed against SEPTA.[22] However, the proposed Second Amended Complaint restates those claims without alteration. A footnote indicates that Plaintiff merely repeats these counts to preserve the claims for appeal.[23] Accordingly, the Court will not disturb the prior ruling.[24] Plaintiff may not amend the complaint to reassert the previously dismissed claims set forth in Counts One, Two and Three.

In the proposed Second Amended Complaint, Plaintiff adds a Count Four, asserted against SEPTA, Cornely, and Jordan. Like Count Three, Count Four asserts a § 1983 retaliation claim; Count Four, however, adds the new factual allegations regarding the email sent by Jordan to schedule a Legal Department staff meeting and the details about that March 1, 2013 staff meeting. Defendant argues that Plaintiff should not be permitted to add the Count Four claims against Cornely and Jordan, because, in Defendant's view, Plaintiff seeks to sue them only in their official capacities, and because the additional facts alleged are insufficient to support a claim.

Plaintiff's proposed Second Amended Complaint does not specify whether she seeks to sue Jordan and Cornely in their individual or official capacities in Count Four. The Court construes the proposed Count Four as asserting § 1983 retaliation claims against Cornely and Jordan in their individual capacities based upon the relief sought, which includes punitive

---

[22] Doc. No. 12.
[23] See proposed Second Amended Complaint and Jury Demand, FN 1 [Doc. No. 36-1].
[24] The Court notes that Plaintiff did not seek timely reconsideration of Judge Jones's July 2, 2012 ruling, and that ruling is the law of the case. The Court takes no position with regard to the correctness of that ruling.

6

damages not available from SEPTA.[25] With regard to Jordan, Plaintiff alleges that Jordan, as head of the Legal Department, sent an email which noted that employees were "not irreplaceable," followed by a staff meeting, at which Jordan challenged Plaintiff with regard to her deposition testimony in the pending litigation and humiliated her in front of her colleagues in retaliation for her filing the lawsuit, an action which a jury might find would deter a person of ordinary firmness from exercising her rights. The facts alleged are sufficient to state a claim against Jordan for retaliation.[26] As to Cornely, who is not an employee in the Legal Department but who also was invited to and attended the meeting, Plaintiff alleges that he was "constantly grinning at James Jordan's derogatory and intimidating statements to Plaintiff."[27] Because it is also alleged that the meeting was conducted in the presence of Plaintiff's professional colleagues, the Court finds this allegation sufficient to state a claim for retaliation at this stage in the litigation. The Court will, therefore, allow Plaintiff to amend the Complaint to add the new factual allegations set forth in Court Four, and to proceed with her § 1983 retaliation claims against Jordan and Cornely, in their individual capacities, and against SEPTA.[28]

Finally, in Count Five, Plaintiff's proposed Second Amended Complaint seeks to add a new claim under 42 U.S.C. § 1985, as against Jordan and Cornely. The proposed complaint itself does not indicate under which provision of § 1985 Plaintiff wishes to proceed. The motion

---

[25] Melo v. Hafer, 912 F.2d 628, 636 n. 7 (3d Cir. 1990); Gregory v. Chehi, 843 F.2d 111, 119-120 (3d Cir. 1988). As SEPTA is also named as a defendant in Count Four, a § 1983 claim asserted against Jordan and Cornely in their official capacities would be duplicative and would warrant dismissal of the official capacity claims. Thus, the Court construes the claim so as to prevent certain dismissal. Hafer v. Melo, 502 U.S. 21, 25 (1991). See Doc. No. 12 (dismissing the § 1983 claims against individual defendants in their official capacities, as a suit against an agent is essentially a suit against SEPTA).

[26] Lauren W. ex rel. Jean W. v. DeFalminis, 480 F.3d 259, 267 (3d Cir. 2007).

[27] Proposed Second Am. Compl. ¶ 60.

[28] As noted above, the Order dated July 2, 2012, held that the § 1983 allegations in Count Three of the First Amended Complaint were sufficient to state a claim against SEPTA. Doc. No. 12. As against SEPTA, the proposed Count Four simply adds factual evidence in support of an already sufficient § 1983 claim.

7

to amend states that she wishes to add a § 1985(2) claim for obstruction of justice,[29] whereas her response to Defendant's opposition indicates that she wishes to assert a § 1985(3) claim alleging that she was deprived of equal protection of the law.

As a threshold matter, under § 1985, Plaintiff must plead that two or more persons conspired.[30] Where two individuals are employees of the same government authority, they cannot conspire among themselves or with their employer in their official capacities.[31] They can conspire with one another only in their individual capacities.[32] Plaintiff points to Jordan's prior position as Cornely's direct supervisor, his statement that he advised Cornely not to apologize to Plaintiff, and Cornely's presence at the March 1, 2013 staff meeting despite the fact that he is not a member of the Legal Department. These facts are sufficient, at this stage in the litigation, to allege a conspiracy.

Defendant argues that Plaintiff does not sufficiently plead the other elements of a § 1985 claim under either subsection (2) or (3). Section 1985(2) prohibits two or more persons from conspiring to "deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully . . . ."[33] In light of the fact that the email and meeting at issue occurred after Plaintiff's deposition in this lawsuit had been taken, Defendant argues that the Court cannot infer that the intent or effect was to deter her from attending court or testifying freely, fully and

---

[29] The Motion also references 18 U.S.C. § 1512, but the proposed Second Amended Complaint does not attempt to assert a claim under that statutory provision.
[30] The existence of a conspiracy is a threshold issue for a claim under either §1985(2) or (3). Heffernan v. Hunter, 189 F.3d 405, 412 n. 4 (3d Cir. 1999).
[31] Suber v. Guinta, 902 F. Supp. 2d 591, 608 (E.D. Pa. 2012) (collecting cases); Poli v. SEPTA, No. 97-6766, 1998 WL 405052, at *13 (E.D. Pa. July 7, 1998).
[32] Novotny v. Great American Fed. Sav. & Loan Ass'n, 584 F. 2d 1235, 1238 (3d Cir. 1978); Poli, at *14.
[33] 42 U.S.C. § 1985(2).

8

truthfully in this pending litigation.[34] The Court disagrees, finding that the meeting may have had the effect, or been intended to have the effect, of chilling Plaintiff's participation in the ongoing litigation. Accordingly, the Court will also grant Plaintiff's motion with regard to Count Five.[35]

IV. CONCLUSION

For the reasons set forth above, the Court will permit the Plaintiff to amend the complaint to add the new factual allegations and to assert the new claims set forth in Counts Four and Five. An appropriate Order follows.

---

[34] Plaintiff's response brief addresses Defendant's argument that she failed to allege a conspiracy, but does not address Defendant's argument that she failed to adequately allege the other elements of a §1985(2) claim. Doc. No. 39.

[35] Plaintiff's proposed Second Amended Complaint does not, however, state a claim under § 1985(3). Section 1985(3) applies when two or more persons conspire "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws. . . ."[35] Plaintiff does not allege any facts indicating that Jordan and Cornely deprived her of equal protection of law, or equal privileges and immunities under the law.