**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHELLE DUBREY,** | : | |
| **Plaintiff,** | : | |
| v. | : | **CIVIL ACTION NO. 11-4679** |
| | : | |
| **SEPTA, et al.,** | : | |
| **Defendants.** | : | |
| | : | |

## MEMORANDUM OPINION AND ORDER

**Rufe, J.**                                                               **January 15, 2016**

Plaintiff has filed two related suits against her employer, Defendant Southeastern Pennsylvania Transportation Authority (SEPTA), and individual SEPTA employees. The first, which is the case currently at issue, alleged employment discrimination based on race and illegal retaliation.[1] The second alleged retaliation related to the filing of the first case. The Court allowed amendments to the Complaint and previously dismissed certain claims on motions to dismiss and a prior motion for summary judgment. This case presently asserts a § 1983 claim against SEPTA for hostile work environment, §1983 claims against SEPTA and SEPTA employees James Jordan and Francis Cornely for retaliation, and §1985 claims against Mr. Jordan and Mr. Cornely for conspiracy to violate federal rights. Before the Court is Defendants' Second Motion for Summary Judgment, which asserts that the applicable statute of limitations bars Plaintiff's hostile work environment claim to the extent that it relates to the conduct of her former supervisor, Anthony Sheridan.[2]

---

[1] See Civ. Act. No. 14-1370 (E.D. Pa.).

[2] The Court previously granted in part and denied in part Defendant's first motion for summary judgment. In its May 7, 2015 Order, it expressly allowed this second motion to address whether any of Plaintiff's claims are barred by the applicable statute of limitations.

I.     FACTUAL AND PROCEDURAL BACKGROUND

The Court has previously set forth a summary of the record evidence in this case, and will not repeat that recitation herein, but will only discuss the evidence necessary to provide context for this ruling.[3] For purposes of resolving the motion for summary judgment, the Court views the evidence in the light most favorable to the Plaintiff and draws all inferences in her favor.[4]

Plaintiff is an employee of Defendant SEPTA. From 1994 until 2000, she worked as a bus operator. On April 19, 2000, she was promoted to the position of Trial Preparation Specialist in SEPTA's Legal Department. Plaintiff's performance evaluations indicated that she was meeting expectations.

In her role as Trial Preparation Specialist, Plaintiff reported to the Trial Preparation Supervisor, Anthony Sheridan, from 2000-2003. After she made several complaints about his conduct towards her, she was assigned a different supervisor in the Legal Department in 2003. Plaintiff has testified that Mr. Sheridan created a hostile work environment, testifying that he gratuitously referred to her race in conversations, constantly criticized her, and caused her hurt and humiliation for years, even after he was no longer her supervisor.[5] She also asserts that she was assigned to the reception desk (performing duties below her pay grade, although her title and pay were unchanged) from 2003-2006, in retaliation for her complaints about Mr. Sheridan's racially motivated mistreatment of her.[6] In her responses to interrogatories, Plaintiff indicated that Mr. Sheridan most recently spoke to her in a derogatory manner in 2007.[7] Plaintiff testified at deposition that she periodically complained about Mr. Sheridan to Legal Department

---

[3] See Memorandum Opinion dated September 16, 2014.

[4] *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

[5] Dubrey Dep. at 40-42.

[6] Doc. No. 71-3, Answer to Interrogatory No. 3.

[7] Doc. No. 71-3, Answer to Interrogatory No. 7.

supervisors, including SEPTA's general counsel Mr. Staffieri, with her last complaint being made verbally to Mr. Staffieri in "2009 maybe."[8]

In January 2011, Plaintiff claims that another SEPTA employee, Mr. Cornely, who worked in the Claims Department, yelled at her in a disrespectful manner, referred to her race in a demeaning way, and refused to apologize.[9] Also in 2011, Plaintiff filed a complaint with SEPTA's Equal Employment Opportunity office ("EOO"), complaining about a letter written by Mr. Sheridan years earlier, which she had recently found on a department computer.[10]

## II.   STANDARD OF REVIEW

Upon motion of a party, summary judgment is appropriate if "the materials in the record" show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[11] Summary judgment may be granted only if the moving party persuades the district court that "there exists no genuine issue of material fact that would permit a reasonable jury to find for the nonmoving party."[12] A fact is "material" if it could affect the outcome of the suit, given the applicable substantive law.[13] A dispute about a material fact is "genuine" if the evidence presented "is such that a reasonable jury could return a verdict for the nonmoving party."[14]

In evaluating a summary judgment motion, a court "must view the facts in the light most favorable to the non-moving party," and make every reasonable inference in that party's favor.[15]

---

[8] Dubrey Dep. at 51-52.

[9] Dubrey Dep. at 58-63.

[10] Doc.No. 72-1 at 113-114.

[11] Fed. R. Civ. P. 56(a), (c)(1).

[12] *Miller v. Ind. Hosp.,* 843 F.2d 139, 143 (3d Cir. 1988).

[13] *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

[14] *Id.*

[15] *Hugh v. Butler County Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005).

Further, a court may not weigh the evidence or make credibility determinations.[16] Nevertheless, the party opposing summary judgment must support each essential element of the opposition with concrete evidence in the record.[17] "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[18] This requirement upholds the "underlying purpose of summary judgment [which] is to avoid a pointless trial in cases where it is unnecessary and would only cause delay and expense."[19] Therefore, if, after making all reasonable inferences in favor of the non-moving party, the court determines that there is no genuine dispute as to any material fact, summary judgment is appropriate.[20]

## III.   DISCUSSION

In Count III, Plaintiff alleges, *inter alia*, that her former supervisor, Mr. Sheridan, created a hostile work environment, for which SEPTA can be held liable under *Monell*.[21] In the present motion, Defendant argues that Plaintiff's hostile work environment claims against SEPTA which stem from Mr. Sheridan's conduct are time-barred and must be dismissed.

Section 1983 claims are subject to a state's statute of limitations governing personal injury actions.[22] In Pennsylvania, this is two years.[23] As Plaintiff filed her complaint on July 26, 2011, she must allege either that the injurious conduct occurred on or after July 26, 2009, or that

---

[16] *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998).

[17] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

[18] *Anderson*, 477 U.S. at 249-50 (internal citations omitted).

[19] *Walden v. Saint Gobain Corp.*, 323 F. Supp. 2d 637, 641 (E.D. Pa. 2004) (citing *Goodman v. Mead Johnson & Co.,* 534 F.2d 566, 573 (3d Cir. 1976)).

[20] *Celotex*, 477 U.S. at 322; *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 83 (3d Cir. 1987).

[21] The claims against Mr. Sheridan personally were previously dismissed.

[22] *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 276 (3d Cir. 2004); *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 78-79 (3d Cir. 1989).

[23] 42 Pa. C.S. § 5524.

some conduct occurred after that date that constituted part of a continuing violation which began earlier.[24]

Plaintiff relies upon the continuing violations doctrine, which states that "when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred."[25] To benefit from this doctrine, a plaintiff must allege "at least one specific, timely violation."[26]

Plaintiff makes two arguments: 1) Mr. Sheridan's discriminatory conduct, and her complaints about that conduct, continued beyond July 26, 2009; and 2) Mr. Cornely's 2011 conduct was part of a continuing practice of discrimination at SEPTA, and therefore the Court can grant relief for earlier conduct by Mr. Sheridan that would otherwise be time barred. Defendant challenges both arguments.

The Court first must determine whether Plaintiff's general allegations of an ongoing hostile work environment created by Mr. Sheridan are sufficient to overcome a statute of limitations defense. In this regard, Defendant notes that Plaintiff fails to point to any specific act by Mr. Sheridan evincing a continuing practice of harassment that falls with the applicable limitation period. The Court agrees that Plaintiff has not put forth evidence of one or more specific incidences of harassment after July 26, 2009. She alleges specific conduct and complaints about Mr. Sheridan's conduct early in her career in the legal department.  In 2003, in response to a complaint, she was assigned a new supervisor and she did not work under Mr.

---

[24] *Mandel v. M & O Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013) ("a court may consider the entire scope of the hostile work environment claim so long as any act contributing to that claim took place within the statutory time period.").

[25] *Snyder v. Baxter Healthcare, Inc.*, 393 F. App'x 905, 909 (3d Cir. 2010) (internal quotation omitted).

[26] *Id.*

Sheridan's supervision again. She also recalled a specific incident which occurred in 2007.[27]  But Plaintiff only offers general testimony that Mr. Sheridan continued to cause her hurt and humiliation thereafter, failing to point to any specific actions.[28]

Plaintiff also fails to establish a link between any actions by Mr. Sheridan and any other alleged acts of discrimination or retaliation. Plaintiff asserts that, in a 2011 incident, Mr. Cornely yelled at Plaintiff in a disrespectful manner, refused to apologize, and possibly referred disparagingly to Plaintiff's race. Plaintiff argues that this conduct by Mr. Cornely was part of a continuous pattern of discrimination begun by Mr. Sheridan. However, Plaintiff has failed to put forth evidence from which a reasonable jury could infer that Mr. Cornely's conduct—a single incident, involving a different individual, who worked in a different department from both Mr. Sheridan and Plaintiff—is a continuation of Mr. Sheridan's alleged ongoing harassment, rather than an unrelated act of discrimination.[29]

Even if there were evidence bringing Mr. Sheridan's conduct within the applicable statute of limitations, Plaintiff fails to produce evidence that she put SEPTA on notice of the alleged harassment by complaining to management-level employees, human resources, or the EEO, about Mr. Sheridan's conduct during the statute of limitations period.[30] She alleges that she complained to SEPTA's general counsel Mr. Staffieri  periodically from "about" 2003-2009,[31]

---

[27] Doc. No. 71-3, Answer to Interrogatory No. 7.

[28] In her deposition, Plaintiff said that "[i]t was years of abuse. . ." but she did not specify the years or testify to any particular actions constituting discrimination by Mr. Sheridan after July 26, 2009.  Dubrey Dep. at 42.

[29] *See, Dunn v. Bucks County Community College*, 13-6726, 2014 WL 2158398, *4 (E.D. Pa. May 22, 2014); *Horvath v. Rimtec Corp.*, 102 F. Supp.2d 219, 230 (D.N.J. 2000).

[30] When a hostile work environment is allegedly created by a non-supervisory coworker, the employer is liable only if the employer knew or should have known of the harassment and failed to take prompt and appropriate remedial action. *Huston v. Proctor & Gamble Paper Prod. Corp.*, 568 F.3d 100, 104 (3d Cir. 2009). After 2003, Mr. Sheridan was not supervising Plaintiff, so Plaintiff must establish that SEPTA knew or should have known of the alleged discrimination.

[31] Dkt. No. 61 at 13.

but does not specifically allege that she complained to Mr. Staffieri on or after July 26, 2009. Although Plaintiff argues, in her Response, that she reported Mr. Sheridan's harassment to SEPTA's director of EEO in 2011, that EEO complaint did not mention racial harassment, nor did it complain of any actions occurring after July 26, 2009.[32] The EEO complaint states that Plaintiff asked to be removed from Mr. Sheridan's supervision, eight years earlier, not because of any race-based discrimination, but rather because she did not wish to supervise fellow employee Jodi Stickland in the manner Mr. Sheridan was requiring.[33] Furthermore, in the EEO complaint, Plaintiff did not complain about any recent events or acts of discrimination, but challenged Mr. Sheridan's account of her 2003 reassignment to the reception desk, which he had set forth in a letter he dated April 21, 2006.[34]

The Third Circuit instructs that Plaintiff "cannot revive [her otherwise] time-barred allegations of discrimination or hostile work environment without alleging at least one specific, timely violation."[35] Consistent with the Third Circuit's ruling, the Court holds that Plaintiff's claim that SEPTA is liable for the hostile work environment allegedly created by Mr. Sheridan must be dismissed for failure to put forth evidence that some discrete act contributing to a hostile work environment occurred within the applicable statute of limitations. The Court will therefore grant Defendant's Motion and enter summary judgment in favor of SEPTA on the time-barred hostile work environment claim, to the extent that it arises out of the alleged conduct of Mr. Sheridan and all conduct that predates the July 26, 2009 statute of limitations.

---

[32] Doc. No. 72-1 at 113-114.

[33] *Id.*

[34] *Id.*  Plaintiff apparently found this letter on a department computer in June 2011, while searching for another document.

[35] *Snyder v. Baxter Healthcare, Inc.*, 393 Fed. App'x 905, 909 (3d Cir. 2010).

Defendant has not asked the Court to dismiss the hostile work environment claim in its entirety. Based upon the Court's ruling herein, the hostile work environment claim against SEPTA now rests on essentially two episodes: 1) the 2011 incident involving Mr. Cornely; and 2) the 2013 meeting at which SEPTA General Counsel Jordan challenged Plaintiff's participation in this lawsuit and her deposition testimony suggesting that Mr. Cornely was a racist. It will be for the jury to decide whether those incidents are sufficient to establish SEPTA's liability for the alleged hostile work environment.

**IV.    CONCLUSION**

For the reasons set forth above, the Court grants the Motion for Summary Judgment, holding that Plaintiff may not present evidence regarding Mr. Sheridan's contribution to the alleged hostile work environment at SEPTA, nor any other evidence of discriminatory conduct predating the July 26, 2009 statute of limitations, as claims based upon such evidence are time-barred by the applicable statute of limitations. An appropriate order follows.